2009 ND 111

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST James G. WOLFF, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**James G. Wolff, Respondent.**

**No. 20090189.**

Supreme Court of North Dakota.

June 24, 2009.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] On June 23, 2009, an Application for Order of Interim Suspension of James G. Wolff, a member of the Bar of North Dakota, with Affidavit of Disciplinary Counsel and supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4, Threat of Public Harm. Wolff was admitted to practice law on January 13, 2004, and is currently licensed to practice law in the courts of North Dakota.

[¶ 2] The Application states that a criminal complaint has been filed in District Court, County of Ward, Northwest Judicial District charging Wolff with Criminal Conspiracy–Unlawful Possession of a Controlled Substance (Cocaine) in violation of §§ 12.1-06-04 and 19-03.1-23. The offense is a Class C felony. The Application also states that he has been charged with two separate offenses of DUI in a matter of three days. The substance of the criminal complaint for Criminal Conspiracy is that Wolff encouraged and solicited a client, whom he was representing in a trial on charges of unlawful delivery of a controlled substance, to secure cocaine for him.

[¶ 3] The Application indicates that Wolff's conduct violates N.D.R.Lawyer Discipl. 4.1, Criminal Conduct, N.D.R. Prof. Conduct 1.2(d), which provides that a lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal, and N.D.Stds. Imposing Lawyer Sanctions 5.11(a), which provides that disbarment is generally appropriate when a lawyer engages in seri-

ous conduct a necessary element of which includes conspiracy or solicitation of another to commit the sale, distribution or importation of controlled substances.

[¶ 4] Under N.D.R. Lawyer Discipl. 3.4(B), Threat of Public Harm, the court may enter an interim order at any stage of any proceeding immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct causing the harm or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order should not remain in force. The Court considered the matter, and

[¶ 5] **ORDERED,** James G. Wolff's license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of the disciplinary proceedings predicated upon the complaints filed.

[¶ 6] **FURTHER ORDERED,** James G. Wolff comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.

GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ.

The Honorable DALE V. SANDSTROM, being unavoidably absent, did not participate in this decision.