2013 ND 221

In the Matter of the DISCIPLINARY ACTION AGAINST James G. WOLFF, a Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

James G. Wolff, Respondent.

Nos. 20130267, 20130268, 20130269, 20130270, 20130271, 20130272, 20130273.

Supreme Court of North Dakota.

Dec. 4, 2013.

See also, 767 N.W.2d 170, 788 N.W.2d 594, 792 N.W.2d 499.

DISBARMENT ORDERED.

PER CURIAM.

[¶ 1] The Court has before it a Consolidated Stipulation, Consent to Discipline, and Recommendations by the Hearing Panel, recommending James G. Wolff be disbarred effective October 1, 2010, the effective date of his previous disbarment. The Hearing Panel concluded Wolff violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(a), 1.15(c), 8.4(B), and 8.4(c); N.D.R. Lawyer Discipl. 1.2(A)(2) and 1.2(A)(3); N.D.C.C. § 12.1–23–02(2); N.D.C.C. § 27–14–02(1); and N.D.C.C. § 27–14–02(7) in seven consolidated matters.

[¶ 2] Wolff was admitted to practice law in North Dakota on January 13, 2004. On June 24, 2009, Wolff was placed on interim suspension. *See Disciplinary Board v. Wolff,* 2009 ND 111, 767 N.W.2d 170. On June 7, 2010, Wolff's interim suspension was continued. *See Disciplinary Board v. Wolff,* 2010 ND 96, 792 N.W.2d 499. His interim suspensions were imposed until final disposition of the disciplinary proceedings based upon the criminal complaints and convictions. On September 20, 2010, with regard to three consolidated matters, Wolff was suspended for violation of N.D.R. Prof. Conduct 1.5(a), 1.8(h), 1.15(a), 1.15(c), 1.15(h), and 8.1 and he was disbarred for violation of N.D.R. Prof. Conduct 1.2(d) and 8.4(b) and for violation of N.D.R. Lawyer Discipl. 1.2(A)(2) and 1.2(A)(11). *See Disciplinary Board v. Wolff,* 2010 ND 175, 788 N.W.2d 594.

[¶ 3] Seven additional formal disciplinary proceedings were commenced against Wolff, File Nos. 4937–W–0907, 4941–W–0907, 4980–W–0912, 4949–W–0908, 4970–W–0910, 4988–W–0912, and 5050–W–1006.

### File No. 4937–W–0907

[¶ 4] In April of 2009, Lance Lenton retained Wolff to represent him in a divorce proceeding. He paid an initial $2,500 retainer fee to Wolff. Thereafter, on May 15, 2009, Lenton received a bill for $1,742.50, from Wolff's office, which he paid. Wolff did not complete the work for which he had been retained and did not diligently act on Lenton's behalf. Upon the conclusion of representation, Wolff failed to account for Lenton's $2,500 retainer and, if appropriate, refund unearned portions.

### File Nos. 4941–W–0907 and 4980–W–0912

[¶ 5] On June 24, 2009, Wolff was placed on interim suspension. *See Disciplinary Board v. Wolff,* 2009 ND 111, 767 N.W.2d 170. Thereafter a professional trustee was appointed pursuant to N.D.R. Lawyer Discipl. 6.4. Around July 28, 2009, the professional trustee uncovered significant irregularities in the handling of Wolff's trust account and funds reflecting that Wolff did not keep money paid by clients separate until earned.

[¶ 6] Wolff represented Angela Bray in a criminal matter in which she was convicted and ordered to pay restitution. Wolff received money on Bray's behalf to pay partial restitution pursuant to the sentence. In July 2009, an additional partial payment of the restitution by check made payable from the Farhart Wolff PC Trust Account in the amount of $15,000, was returned by the bank for insufficient funds. Wolff did not keep the $15,000 separate to pay as partial restitution by Bray. As a result of Wolff's misconduct with respect to the money he received but failed to pay over as restitution, the State

Bar Association of North Dakota's Client Protection Fund paid the sum of $25,000.

### File No. 4949–W–0908

[¶ 7] Amanda Perman's parents paid Wolff $5,000 to represent her regarding two felony criminal charges. Wolff told Perman there was no evidence against her and failed to inform her of audio and video tapes which led to her conviction. Because Wolff told her there was no evidence, Perman turned down a deal for less incarceration time than that to which she was ultimately sentenced. Wolff did not reasonably communicate with his client or diligently represent her.

### File No. 4970–W–0910

[¶ 8] In November 2008, Rory Clark retained Wolff as legal counsel and paid a $5,000 retainer to Wolff. Wolff did not complete the work for which he was retained. Upon the conclusion of representation, Wolff failed to account for Clark's $5,000 retainer and, if appropriate, refund unearned portions.

### File No. 4988–W–0912

[¶ 9] Wolff represented James Rector in a personal injury matter. A settlement was reached in which Rector was to receive $5,000, and Rector initially asked Wolff to hold the money in Wolff's trust account. Following Wolff's suspension from the practice of law, it was discovered there were insufficient funds in Wolff's trust account to pay Rector the $5,000. As a result of Wolff's misconduct, the North Dakota Client Protection Fund paid the sum of $5,000 to Rector.

### File No. 5050–W–1006

[¶ 10] Wolff was convicted of serious crimes as defined by N.D.R. Lawyer Discipl 4.1(C). He was convicted of a felony under N.D.C.C. § 6–08–16, Issuing Check or Draft Without Sufficient Funds or Credit, in the District Court of Ward County, Northwest Judicial District in *State of North Dakota vs James Gregory Wolff,* Case Number 51–9–K–1891/001. Wolff was convicted of a felony under N.D.C.C. § 12.1–23–07, Misapplication of Entrusted Property, in the District Court of Ward County, Northwest Judicial District in *State of North Dakota vs James Gregory Wolff,* Case Number 38–10–K–00012/002. The convictions violate N.D.R. Lawyer Discipl. 1.2A(2) in that a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

[¶ 11] On August 15, 2013, Wolff consented to discipline in the form of disbarment, effective October 1, 2010, for his misconduct. He further agreed to pay costs and expenses of the proceedings in the amount of $300 within 30 days to the Secretary of the Disciplinary Board, to provide an accounting of fees and expenses to clients Lance Lenton and Rory Clark and refund any amounts collected for fees that have not been earned or expenses that have not been incurred, and to make restitution to the North Dakota Client Protection Fund in the amount of $5,000 for the James Rector matter and $25,000 for the Angela Bray matter.

[¶ 12] The Consolidated Stipulation, Consent to Discipline, and Recommendations by the Hearing Panel were served on September 4, 2013, and forwarded to this Court. Objections to the Consolidated Stipulation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 13] ORDERED, that the Consolidated Stipulation, Consent to Discipline, and Recommendations by the Hearing Panel are accepted.

[¶ 14] IT IS FURTHER ORDERED, that James G. Wolff is DISBARRED from

the practice of law in North Dakota effective October 1, 2010.

[¶ 15] IT IS FURTHER ORDERED, that James G. Wolff pay the costs and expenses of these disciplinary proceedings in the amount of $300, payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 30 days of entry of judgment.

[¶ 16] IT IS FURTHER ORDERED, that Wolff provide an accounting of fees and expenses to clients Lance Lenton and Rory Clark and refund any amounts collected for fees that have not been earned or expenses that have not been incurred.

[¶ 17] IT IS FURTHER ORDERED, that Wolff make restitution to the North Dakota Client Protection Fund in the amount of $5,000 for the James Rector matter and $25,000 for the Angela Bray matter.

[¶ 18] IT IS FURTHER ORDERED, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.